**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLES E. WILSON,<br>  Appellant, | DOCKET NUMBER<br>DA-0845-16-0478-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>  Agency. | DATE: July 29, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles E. Wilson</u>, Corpus Christi, Texas, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal as settled. For the reasons set forth below, the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The appellant filed an appeal challenging an Office of Personnel Management (OPM) reconsideration decision finding that he was overpaid $10,764.00 in annuity benefits under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 1 at 5, 8-10. While the appeal was pending, the parties entered into a settlement agreement. IAF, Tab 22. The appellant agreed to withdraw his appeal in exchange for a reduction in the repayment schedule resulting in 215 monthly installments of $50.00, with one final monthly installment of $14.00. *Id.* After finding the agreement lawful on its face and that the parties understood its terms and entered into it freely, the administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 23, Initial Decision (ID) at 2. She informed the parties that the initial decision would become final unless either party filed a petition for review by January 5, 2017. *Id.* The appellant, however, did not file his petition for review until January 9, 2017. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3        A petition for review generally must be filed within 35 days after the date of issuance of an initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(f). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the

reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶4    Here, when the appellant electronically filed his petition on January 9, 2017, the Board's e-Appeal Online form notified him that his petition was untimely filed and advised him of what was necessary to show good cause for the untimely filing. PFR File, Tab 1. However, the appellant did not address the untimeliness of his petition in the form. Rather, he addressed the merits of OPM's overpayment determination, and he asserted that he only entered into the settlement agreement for "the sake of expediency." *Id.* at 3.

¶5    Thereafter, the Office of the Clerk of the Board notified the appellant that his petition was untimely filed and advised him that the Board may issue an order dismissing his untimely petition if he did not submit, by January 24, 2017, an affidavit or a statement, signed under penalty of perjury, showing either that his petition for review was timely filed or that good cause existed for the delay. PFR File, Tab 2 at 1-2. Along with the acknowledgment letter, it enclosed a "Motion to Accept Filing as Timely or to Waive Time Limit" form for assistance. *Id.* at 7-8. The appellant did not file a timely response. However, on January 31, 2017, he submitted a copy of a letter he sent to his congressman in an apparent reply to the agency's response to his petition. PFR File, Tab 5. In this letter, the appellant challenges the merits of the FERS annuity overpayment and also states, "For OPM and MSPB any delays during the Christmas and New Years time [sic] were because my elder sister had to be relocated to a nursing home in Texas from Pensacola FL, due to apparent dementia although that diagnosis has not

necessarily been made yet." *Id.* at 5. While the appellant appears to be asserting that his sister's relocation is the reason for his filing delay with the Board, he did not submit any evidence to support this assertion, and he did not submit the Board's "Motion to Accept Filing as Timely or to Waive Time Limit" form.

¶6    Although the appellant is acting pro se, that fact alone cannot overcome his filing delay and the absence of evidence showing due diligence. *See Schuringa v. Department of the Treasury*, 106 M.S.P.R. 1, ¶¶ 4 n.*, 9, 14 (2007) (declining to excuse a pro se appellant's 4–day delay in filing her appeal). Further, the record reveals that the appellant: (1) was notified of the time limit for filing a petition for review; (2) was twice provided with an opportunity to explain his untimely filing and advised of what he had to submit to support a motion to accept his filing as timely or to waive the time limit; and (3) subsequently asserted an explanation for the untimely filing in a letter to his congressman but did not explain how his sister's relocation prevented him from meeting the filing deadline or from requesting an extension of time to do so. *See Pine v. Department of the Army*, 63 M.S.P.R. 381, 383 (1994) (finding that a claim that the appellant was caring for a critically ill mother, which did not specifically account for the period of untimeliness, did not constitute good cause for the waiver of the filing deadline). Thus, we find that the appellant has failed to demonstrate due diligence or ordinary prudence that would excuse his late filing and that, therefore, no good cause exists for the filing delay.

¶7    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.[2] The initial decision remains the final decision of the

[2] Nevertheless, we have reviewed the appellant's claim on review that he only entered into the settlement agreement with OPM for the "sake of expediency." PFR File, Tab 1 at 3. The record reflects that the appellant freely entered into the settlement agreement, and we discern no basis upon which to disturb the initial decision dismissing the appeal as settled. *See Asberry v. U.S. Postal Service*, 692 F.2d 1378, 1380 (Fed. Cir. 1982)

Board regarding the dismissal of the appellant's FERS annuity overpayment appeal as settled.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

(explaining that the party challenging the validity of the settlement agreement bears a "heavy burden"); *see also Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013) (holding that an appellant's mere postsettlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement).

[3] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party.  A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.